IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
YORICK FERGUSON,                )
                                )
        Plaintiff,               )
                                )
     v.                          )      1:12CV493
                                )
NORTH CAROLINA DEPARTMENT OF     )
HEALTH AND HUMAN SERVICES,       )
et al.,                          )
                                )
        Defendants.              )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendants' Motion to Dismiss for Failure to Attend Initial Pretrial and Status Conferences (Docket Entry 24), as well as for disposition of Defendants' Motions to Modify Scheduling Order (Docket Entries 27, 28). (See Docket Entries dated Jan. 16, 2013.) For the reasons that follow, Defendants' instant Motion to Dismiss should be granted and Defendants' instant Motions to Modify Scheduling Order will be denied as moot.

BACKGROUND

This case began when Plaintiff (or someone using Plaintiff's name) filed a pro se Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Docket Entry 1). The Complaint contains a "PRELIMINARY STATEMENT," which describes the case as "an action for

damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq* and for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*[.]" (Docket Entry 2 at 1.) It also purports to assert apparent state-law claims. (See id. at 6-9.) The Court (per United States Magistrate Judge Joi E. Peake) granted Plaintiff pauper status, forwarded him summons forms for completion, and directed the United States Marshal's Service to effect service of process on Defendants. (See Docket Entry 4; see also Docket Entries 12-15 (documenting service on Defendants).)

After Defendants answered (Docket Entries 7, 9), the Court noticed an Initial Pretrial Conference (Docket Entry 11). In advance of the noticed date, Defendants filed and served upon Plaintiff a proposed case-management schedule. (Docket Entries 16, 17.) Counsel for Defendants subsequently appeared at the Initial Pretrial Conference, but Plaintiff did not; the Court (per Magistrate Judge Peake) then adopted Defendants' proposed case-management schedule. (See Docket Entry dated July 19, 2012; Docket Entry 18.) In her Order to that effect, Magistrate Judge Peake explicitly "cautioned [Plaintiff] that he will be responsible for complying with the Federal Rules of Civil Procedure and the Local Rules of this Court . . . and he must appear timely for any further proceedings that may be scheduled in this case." (Docket Entry 18 at 2.)

-2-

The case thereafter was reassigned from Magistrate Judge Peake to the undersigned Magistrate Judge. (See Docket Entry dated Oct. 19, 2012.) Upon reviewing the case, the undersigned Magistrate Judge noticed that Plaintiff's IFP Application and Complaint both appear to lack a signature and, instead, to feature a mere printed version of Plaintiff's name in the signature block. (See Docket Entry 1 at 3; Docket Entry 2 at 9.) Indeed, those purported "signatures" match the printed version of Plaintiff's name in the caption and first paragraph of the IFP Application. (Compare id., with Docket Entry 1 at 1.)

Moreover, the undersigned Magistrate Judge determined that the printing on Plaintiff's IFP Application and the "signatures" on that IFP Application and Plaintiff's Complaint all bear significant, distinctive similarities to printing and/or "signatures" on a number of other pauper applications, complaints, and/or envelopes used to convey such documents in similar cases filed pro se in this Court, particularly as to a unique, bubble-type dot on the lower-case "i." (Compare Docket Entry 1 at 1, 3, Docket Entry 2 at 9, with Wiggins v. Credit Mgmt., No. 1:11CV1093, Docket Entry 1 at 1-3, Docket Entry 2 at 5; Wiggins v. Firstpoint Collections Res., No. 1:12CV451, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Golden v. Firstpoint Collection Serv., No. 1:12CV875, Docket Entry 1 at 1, 3, Docket Entry 2 at 9; Shamberger v. Firstpoint Collection Serv., No. 1:12CV876, Docket Entry 1 at 1, 3;

Thompson v. SCA Collections, No. 1:12CV955, Docket Entry 1 at 1, 3, Docket Entry 2-1 at 1, Docket Entry 4-1 at 1; Golden v. Absolute Collection Servs., No. 1:12CV956, Docket Entry 1 at 1, 3; Durham v. Absolute Collection Servs., 1:12CV957, Docket Entry 1 at 3, Docket Entry 2-1 at 1; Grant v. Absolute Collection Servs., No. 1:12CV958, Docket Entry 1 at 1, 3; Golden v. NCO Fin. Sys., No. 1:12CV1097, Docket Entry 1 at 1, Docket Entry 2 at 9, Docket Entry 2-1 at 1; James v. Firstpoint Collection Serv., No. 1:12CV1098, Docket Entry 1 at 3, Docket Entry 2-1 at 1; and Durham v. National Credit Sys., No. 1:12CV1099, Docket Entry 1 at 3, Docket Entry 2-1 at 1.)

Further, a review of the complaints in the foregoing cases revealed a number of other unusual similarities both of form and substance, including that most (like Plaintiff's Complaint): 1) state under the heading "JURISDICTION AND VENUE" that "jurisdiction of this Court is conferred by 15 U.S.C. §1681p" and that "[v]enue is proper in this Circuit pursuant to 28 U.S.C. §1391b"; 2) set forth virtually identical sections (including as to content, format, style, and even typographical/scrivener errors) entitled "GENERAL ALLEGATIONS," "COUNT I," "COUNT II," "15 U.S.C 1681b," "COUNT III," "RECKLESS AND WANTON CONDUCT," "COUNT THREE," "COUNT FOUR," "COUNT FIVE," and "COUNT SIX"; and 3) list on the signature page an e-mail address consisting of the respective plaintiff's first and last name (strung together as one term) appended to "_law@hotmail.com" (or, in one case, "_law@live.com").

(Compare Docket Entry 2, with Wiggins, No. 1:12CV451, Docket Entry 2; Golden, No. 1:12CV875, Docket Entry 2; Shamberger, No. 1:12CV876, Docket Entry 2; Thompson, No. 1:12CV955, Docket Entry 2; Golden, No. 1:12CV956, Docket Entry 2; Durham, 1:12CV957, Docket Entry 2; Grant, No. 1:12CV958, Docket Entry 2; and James, No. 1:12CV1098, Docket Entry 2.)[1]

Given the foregoing circumstances and the signature requirement imposed by Federal Rule of Civil Procedure 11(a), the undersigned Magistrate Judge set this case for a status conference and placed 13 other similar cases (including another filed by Plaintiff, Ferguson v. Absolute Collection Serv., 1:12CV1023) on for hearings/status conferences on the same calendar. (See Docket Entry 22.) Counsel for Defendants appeared at that status conference, but Plaintiff did not. (See Docket Entry 23.) Indeed, only one of the plaintiffs from the other similar cases noticed for

---

[1] A second lawsuit filed pro se by Plaintiff in this Court also shares those same characteristics. (See Ferguson v. Absolute Collection Serv., 1:12CV1023, Docket Entry 2.) In addition, one of the previously-cited cases materially differs from the ones cited here only in that it contains a section entitled "FACTUAL ALLEGATIONS" with less content than the "GENERAL ALLEGATIONS" section in the others and in that it lacks their "COUNT THREE," "COUNT FOUR," "COUNT FIVE," and "COUNT SIX." (See Wiggins, No. 1:11CV1093, Docket Entry 2.) Another of the previously-cited cases mirrors the others cited here except that it sets forth some additional items under the "GENERAL ALLEGATIONS" heading. (See Golden, No. 1:12CV1097, Docket Entry 2.) Finally, yet another lawsuit (not listed above) matches the cases cited here except that it omits the sections entitled "RECKLESS AND WANTON CONDUCT," "COUNT THREE," "COUNT FOUR," "COUNT FIVE," and "COUNT SIX" and appears to have a normal signature. (See Covington v. Absolute Collection Serv., No. 1:12CV811, Docket Entry 2.)

proceedings on that date appeared and he denied preparing, signing, or filing any documents in his case (or authorizing anyone else to take such action), but did acknowledge that he had talked to someone he knew only as "Mussa" about improving his credit record. (See Grant, No. 1:12CV958, Docket Entry dated Nov. 26, 2012.)[2]

Defendants thereafter filed their instant Motion to Dismiss. (Docket Entry 24.) The Clerk then mailed Plaintiff a letter explaining that he had "the right to file a 20-page response in opposition to [said] [M]otion . . . accompanied by affidavits setting out [his] version of any relevant disputed material facts or . . . other responsive material." (Docket Entry 26 at 1.) The letter advises Plaintiff of the amount of time for a response and specifically cautions him that a "failure to respond . . . within the allowed time may cause the [C]ourt to conclude that [Defendants'] contentions are undisputed . . . [as well as that], unless [Plaintiff] files a response in opposition to [said] [M]otion, it is likely [his] case will be dismissed . . . ." (Id.) Plaintiff did not respond. (See Docket Entries dated Nov. 28, 2012, to present.) When the discovery deadline arrived without the Court having acted on their instant Motion to Dismiss, Defendants filed their instant Motions to Modify Scheduling Order. (Docket

---

[2] The Clerk maintains an audio-recording of all the proceedings from that calendar.

Entries 27, 28.)  Plaintiff did not respond to said Motions.  (See Docket Entries dated Jan. 15, 2013, to present.)

DISCUSSION

Defendants seek dismissal of this case based on Plaintiff's failure to appear at both the Initial Pretrial Conference and the subsequent status conference.  (See Docket Entries 24, 25.)  Under this Court's Local Rules, Plaintiff's failure to respond to that motion generally warrants the granting of the relief requested. See M.D.N.C. R. 7.3(k).  No reason exists to depart from that general rule in this case.  To the contrary, a review of the record and relevant authority confirms that the Court should dismiss this action.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders.  Fed. R. Civ. P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).  Said Rule also authorizes dismissal "[i]f the plaintiff fails to prosecute," Fed. R. Civ. P. 41(b).  In this case, Plaintiff disobeyed the Court's Orders to appear at the Initial Pretrial Conference and the subsequent status conference and Plaintiff failed to prosecute this case in any way since Defendants filed their Answers.  These circumstances warrant dismissal.

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Ballard, 882 F.2d at 95. Generally, before dismissing an action under Federal Rule of Civil Procedure 41(b), a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id.; accord Hillig v. Commissioner of Internal Revenue Serv., 916 F.2d 171, 174 (4th Cir. 1990). In this case, Plaintiff (or whoever improperly filed this case in his name) bears sole responsibility for the instant non-compliance and failure to prosecute, the conduct (and inaction) at issue prejudiced Defendants by forcing them to defend what appears to be sham litigation (including appearing at the status conference), the record reflects a pattern of dilatory conduct by Plaintiff (or whoever filed this case in his name), and no other sanction appears feasible or sufficient.

As to that last point, the Court (per Magistrate Judge Peake) specifically warned Plaintiff that he had to comply with the procedural rules and to appear at court proceedings after he did not timely appear for the Initial Pretrial Conference. Further, the Court (via the Roseboro letter) expressly cautioned Plaintiff that his failure to respond to Defendant's instant Motion to

-8-

Dismiss could lead the Court to conclude that he did not dispute Defendants' position and that the Court should dismiss his case. "In view of th[ose] warning[s], the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Ballard, 882 F.2d at 96. Consistent with that view, at least one judge of this Court previously has ruled dismissal under Federal Rule of Civil Procedure 41(b) appropriate under analogous circumstances. See Long v. Becton, Dickinson & Co., No. 1:04CV1111, 2006 WL 473881, at *1-3 (M.D.N.C. Feb. 28, 2006) (unpublished) (Beaty, J.) (holding that, where "Plaintiff failed to appear for the scheduled pre-trial conference and has failed to participate or appear in this litigation since that time," including by failing to respond to a motion to dismiss, "dismissal is also appropriate pursuant to Rule 41").

**IT IS THEREFORE RECOMMENDED** that Defendants' Motion to Dismiss for Failure to Attend Initial Pretrial and Status Conferences (Docket Entry 24) be granted and that this action be dismissed under Federal Rule of Civil Procedure 41(b).

**IT IS ORDERED** that Defendants' Motions to Modify Scheduling Order (Docket Entries 27, 28) are **DENIED AS MOOT**.

                                    /s/ L. Patrick Auld
                                      **L. Patrick Auld**
                          **United States Magistrate Judge**

May 30, 2013